———————

No. 96-1691

———————

United States of America,      *
                              *
        Appellee,           *    Appeal from the United States
                              *    District Court for the
    v.                    *    Eastern District of Missouri.
                              *
Norvell Daniels,           *          [UNPUBLISHED]
                              *
        Appellant.         *

———————

Submitted: September 10, 1996

Filed: October 25, 1996

———————

Before BOWMAN, BRIGHT, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Norvell Daniels was convicted by a jury of one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a), (b)(1)(B)(ii)(II) (1994) and one count of possession of phencyclidine (PCP) with intent to distribute in violation of 21 U.S.C. § 841(a), (b)(1)(B)(iv) (1994). The District Court[1] sentenced Daniels to two concurrent terms of 126 months in prison and four years of supervised release. Daniels appeals from his convictions, and we affirm.

Daniels contends that the evidence presented was insufficient for a rational jury to find beyond a reasonable doubt that he knowingly possessed the narcotics. "We will reverse a conviction

———————

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

for insufficient evidence . . . only if no construction of the evidence exists to support the jury's verdict." United States v. Darden, 70 F.3d 1507, 1517 (8th Cir. 1995), cert. denied, 116 S. Ct. 1449 (1996) (citation omitted).  We view the evidence "'in the light most favorable to the guilty verdict, giving the government the benefit of all reasonable inferences that might be drawn from the evidence.'"  Id. (citation omitted).

At approximately 5:00 p.m. on November 5, 1994, St. Louis Metropolitan Police Department detectives, on duty at the Greyhound Bus Station in St. Louis, boarded a bus originating from Los Angeles and requested permission from the passengers to allow inspection of their carry-on luggage by means of a dog sniff.  Daniels consented to the inspection and the dog alerted on Daniels's bag.  The detectives returned the bag to Daniels and allowed him to proceed through the bus terminal and onto the sidewalk, where the detectives stopped him and where he granted them permission to search his bag.  The detectives discovered two packages wrapped in gray duct tape, one containing 1160.5 grams of cocaine and the other containing 846.3 grams of PCP.  Also found in Daniels's possession were two Greyhound Bus tickets indicating a departure from St. Louis on October 30, 1994 at 10:30 p.m. and an arrival in Los Angeles on November 1, 1994 at 5:20 p.m. and a return trip leaving Los Angeles on November 3, 1994 at 7:00 p.m. and arriving in St. Louis on November 5, 1994 at 4:30 p.m.

We conclude there is sufficient evidence from which a rational jury could conclude beyond a reasonable doubt that Daniels knowingly possessed and intended to distribute the narcotics found in his luggage.  Daniels was in actual possession of a large quantity of drugs, he appeared nervous when confronted by police detectives, and he had just completed round-trip travel to Los Angeles, a source city for many of the drugs that flow into St. Louis, with only a two-day stay there.  Having reviewed the

evidence, we cannot say that "no construction of the evidence exists to support the jury's verdict," <u>Darden</u>, 70 F.3d at 1517.

The convictions are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.